IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. BACH and DIANE M. BACH, On Behalf of Themselves And All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>       v.<br><br>AMEDISYS, INC. WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>                Defendants. | CIVIL ACTION<br>NO. 3:10-cv-00395-BAJ-CN |
| DAVID ISMAN, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>       v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>                Defendants. | CIVIL ACTION<br>NO. 3:10-cv-00464-BAJ-DLD |

**DEFENDANTS' RESPONSE TO MOTIONS FOR
CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF
<u>LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL</u>**

(captions continue next page)

| | |
|---|---|
| ARIK DVINSKY, On Behalf Of Himself And All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> AMEDISYS, INC., WILLIAM F. BORNE, DALE E. REDMAN, JOHN F. GIBLIN, and GREGORY H. BROWNE, <br><br> Defendants. | CIVIL ACTION <br> NO. 3:10-cv-00470-JJB-CN |
| MELVIN W. BRINKLEY, On Behalf of Himself And All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> AMEDISYS, INC., WILLIAM F. BORNE, and DALE E. REDMAN, <br><br> Defendants. | CIVIL ACTION <br> NO. 3:10-cv-00497-JJB-CN |

## DEFENDANTS' RESPONSE TO MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

Defendants Amedisys, Inc. ("Amedisys") and William F. Borne, Dale E. Redman, John F. Giblin, and Gregory H. Browne ("Defendants") submit this response to: (1) Birmingham Retirement System Motion for Consolidation of Related Cases, Appointment as Lead Plaintiff and Approval of Selection of Counsel; (2) Motion of the City of Pontiac General Employees' Retirement System to Consolidate Actions to be Appointed Lead Plaintiff and for Approval of

Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel; (3) Motion of the Amedisys Securities Investors for Consolidation of Related Actions, Appointment of Lead Plaintiff and Approval of Co-Lead Counsel; (4) Motion of Nirav T. Patel for: (1) Consolidation; (2) Appointment as Lead Plaintiff [sic] and (3) Approval of Lead Plaintiff's Choice of Lead Counsel and Liaison Counsel; (5) Motion of West Palm Beach Police Pension Fund for Consolidation, Appointment as Lead Plaintiff, and Approval of Its Selection of Counsel as Lead Counsel; (6) Motion of Baltimore County Employees' Retirement System for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel; (7) Motion of the Public Employees' Retirement System of Mississippi and the Puerto Rico Teachers' Retirement System for Appointment as Lead Plaintiff, Approval of Their Selection of Lead Counsel and Consolidation of All Related Actions; (8) Motion of Macomb County Employees' Retirement System for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Counsel; (9) City of Tallahassee Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel (collectively, the "Motions").

In their Motions, the lead plaintiff movants ask the Court to consolidate four putative securities class action lawsuits pending in this Court (together, the "Securities Actions").[1] These Securities Actions are all based on the same nucleus of operative facts and involve common defendants. Each alleges that Amedisys and certain of its officers and directors made false statements to Amedisys shareholders, primarily relating to matters alleged in an April 27, 2010

---

[1] Specifically, the securities actions include: (1) *Bach, et al. v. Amedisys, Inc., et al.*, No. 3:10-cv-00395-BAJ-CN (M.D. La.); (2) *Isman v. Amedisys, Inc., et al.*, No. 3:10-cv-00464-BAJ-DLD (M.D. La.); *Brinkley, et al. v. Amedisys, Inc., et al.*, No. 3:10-cv-00497-JJB-CN (M.D. La.); and *Dvinsky, et al. v. Amedisys, Inc., et al.*, No. 3:10-cv-00470-JJB-CN (M.D. La.).

Wall Street Journal article and in a May 13, 2010 announcement that the Finance Committee of the United States Senate had commenced an investigation concerning certain aspects of Amedisys' home health services and related Medicare billing practices.

Defendants support consolidation of the above-captioned actions, and, in fact, anticipated such when they entered into stipulations regarding scheduling in *Bach* on July 12, 2010 and *Isman* on July 21, 2010. *See* Stipulation and Proposed Consent Order Regarding Scheduling (*Bach*) ("the parties agree that a coordinated schedule for filing a Consolidated Complaint and for filing an answer or any motion to dismiss or other motion should be agreed upon after a lead plaintiff is appointed") [Dk. No. 7]; Stipulation and Proposed Consent Order Regarding Scheduling (*Isman*) ("the parties agree that a coordinated schedule for filing a Consolidated Complaint and for filing an answer or any motion to dismiss or other motion should be agreed upon after a lead plaintiff is appointed") [Dk. No. 4]. The Court entered the Order regarding the Stipulation and Proposed Consent Order Regarding Scheduling in *Bach* on July 21, 2010. *See* Order [Dk. No. 10]. Consolidation will promote efficient litigation of the claims and conserve the resources of the Court and the parties.

The lead plaintiff movants also request in their Motions that the Court appoint a lead plaintiff for a consolidated securities class action pursuant to the Private Securities Litigation Reform Act, 15 U.S.C.A. § 78u-4(a)(3) ("PSLRA"). Each lead plaintiff movant further requests that its chosen legal counsel be appointed lead counsel for the consolidated action. Defendants support the appointment of a leadership structure, but cannot, at this point in time, take a final and definitive position as to the appointment of any proposed lead plaintiff or lead counsel. Defendants have not had the opportunity to develop the record regarding the qualifications of the

proposed lead plaintiff(s) or their preferred lead counsel and, thus, are not able to take a position as to lead plaintiff appointment at this time. By not objecting to the selection of a lead plaintiff, however, Defendants do not waive – and, indeed, expressly preserve – their rights under Federal Rule of Civil Procedure 23 to oppose class certification on any and all grounds, including, but without limitation, the right to argue that the claims of the appointed lead plaintiff(s) and defenses to which they may be subject are not typical of the class and that the appointed lead plaintiff(s) and/or their chosen counsel will not fairly and adequately protect the interests of the class. *See generally Tarica v. McDermott Int'l, Inc.*, No. CIV. A. 99-3831, 2000 WL 377817, at *4 (E.D. La. April 13, 2000) ("Courts have consistently held that in a motion for appointment of lead plaintiffs, plaintiffs need only make a preliminary showing of typicality and adequacy under Rule 23(a)."); *Switzenbaum v. Orbital Sciences Corp.*, 187 F.R.D. 246, 250 (E.D. Va. 1999) (observing that "the [lead plaintiff] inquiry is not as searching as the one triggered by a motion for class certification") (citations omitted); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) (stating that "[e]vidence regarding the requirements of Rule 23 will, of course, be heard in full at the class certification hearing [and] there is no need to require anything more than a preliminary showing at [the lead plaintiff] stage.").

Finally, while Defendants strongly dispute the plaintiffs' and lead plaintiff movants' allegations of wrongdoing in the complaints and believe that the complaints fail to state a claim under the PSLRA, Defendants will not address at this time those allegations and the representations of them in the Motions and supporting papers, but will instead respond to the Consolidated Complaint to be filed by the lead plaintiff(s) appointed by the Court.

Respectfully submitted, this 26th day of August, 2010.

/s/ Richard F. Zimmerman, Jr.
Richard F. Zimmerman Jr. (#13800)
Julie M. McCall (#29992)
KANTROW SPAHT WEAVER
& BLITZER (APLC)
445 North Blvd.
Suite 300
Baton Rouge, LA 70802-5747
P: (225) 383-4703
F: (225) 343-0630

KING & SPALDING LLP
Michael R. Smith
David E. Meadows
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
P: (404) 572-4600
F: (404) 572-5100

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **DEFENDANTS' RESPONSE TO MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** has been served to all counsel of record via PACER notice this 26th day of August, 2010.

Additionally, this day, I caused copies of the foregoing to be served by U.S. First Class Mail to the following:

| | |
|---|---|
| James C. Carver<br>Roumain Building, Suite 500<br>343 Third Street<br>Baton Rouge, LA 70801 | Paul J. Gellar<br>David J. George<br>Douglas Wilens<br>Sabrina E. Tirabassi<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432 |
| Richard P. Ieyoub<br>CARLETON DUNLAP OLINDE MOORE & BOHMAN, LLC<br>One American Place, Suite 900<br>Baton Rouge, Louisiana 70825 | G. Anthony Gelderman, III<br>BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP<br>2727 Prytania Street, Suite 14<br>New Orleans, Louisiana 70130 |
| Gerald H. Silk<br>Michael D. Blatchley<br>BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP<br>1285 Avenue of the Americas<br>New York, NY 10019 | Marian P. Rosner<br>Marshall C. Bennett<br>Robert C. Finkel<br>WOLF POPPER LLP<br>845 Third Avenue<br>New York, NY 10022 |
| Michael C. Palmintier<br>deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGÉ<br>618 Main Street<br>Baton Rouge, Louisiana 70801 | Christopher J. Keller<br>Alan I. Ellman<br>Stefanie J. Sundel<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, NY 10005 |
| Sidney S. Liebesman<br>LABATON SUCHAROW LLP<br>One Commerce Center<br>1201 N. Orange Street, Suite 801<br>Wilmington, Delaware 19801 | Eric R. Nowak<br>Shirin E. Harrell<br>HARRELL & NOWAK LLC<br>650 Poydras St., Suite 2107<br>New Orleans, LA 70130 |

Jeffrey C. Block
Leslie R. Stern
Abigail R. Romeo
BERMAN DEVALERIO
One Liberty Square
Boston, MA 02109

Kim E. Miller
Melissa Ryan Clark
KAHN SWICK & FOTI, LLC
500 5th Avenue, Suite 1810
New York, NY 10110

Patrick V. Dahlstrom
POMERANTZ HAUDEK GROSSMAN & GROSS LLP
Ten South LaSalle Street, Suite 3505
Chicago, IL 60603

Richard J. Arsenault
C. Michael Bollinger
NEBLETT, BEARD, & ARSENAULT
2220 Bonaventure Court
P.O. Box 1190
Alexandria, LA 71301-1190

Darrin L. Williams
Randall K. Pulliam
CARNEY WILLIAMS BATES BOZEMAN & PULLIAM PLLC
11311 Arcade, Suite 200
Little Rock, Arkansas 72212

Paul F. Novak
Andrei V. Rado
Anne Marie Vu
Elizabeth S. Metcalf
MILBERG LLP
One Pennsylvania Plaza, 49th Floor
New York, New York 10119

Lewis S. Kahn
Paul S. Balanon
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, Louisiana 70447

Marc I. Gross
Jeremy A. Lieberman
POMERANTZ HAUDEK GROSSMAN & GROSS LLP
100 Park Avenue
New York, NY 10017

Joel B. Strauss
Jeffrey P. Campisi
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, NY 10022

Kirk A. Guidry
B. Scott Andrews
DUE', PRICE, GUIDRY, PIEDRAHITA & ANDREWS, APA
8201 Jefferson Highway
Baton Rouge, LA 70809

John Gregory Odom
John Alden Meade
ODOM & DES ROCHES, LLP
Poydras Center, Suite 2020
650 Poydras Street
New Orleans, LA 70130

Sharon Almonrode
SULLIVAN, WARD, ASHER & PATTON, PC
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48075-8412

| | |
|---|---|
| Patrick C. Morrow<br>MORROW, MORROW, RYAN &<br>BASSETT<br>Post Office Drawer 1787<br>Opelousas, LA 70571-1787 | Sean M. Handler<br>Darren J. Check<br>Naumon A. Amjed<br>BARROWAY TOPAZ KESSLER<br>MELTZER & CHECK, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 |

                                    /s/ Richard F. Zimmerman, Jr.
                                      Richard F. Zimmerman, Jr.